UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM GERICS,

    Plaintiff,

v.

JERRY AMBROSE,

    Defendant.

                                    /

Case No. 15-cv-12992

HONORABLE STEPHEN J. MURPHY, III

## ORDER GRANTING MOTION TO A VACATE (document no. 5)

The City of Flint has designated several areas as historic districts under Michigan law. One such area is the "Carriage District," a roughly twenty-five square block neighborhood that sits between the Flint River and Hurley Medical Center. According to the Carriage Town Historic District Review Committee Preliminary Report, workers at nearby carriage factories established the neighborhood in the Nineteenth Century. Mot. Relief, Preliminary Rpt. 7, ECF No. 5-3.

The neighborhood has deteriorated considerably over the last few decades. In particular, ten square blocks on the western section of the neighborhood have suffered from severe blight. According to the preliminary report, of the 130 parcels located in this area, 68 are currently vacant lots. *Id.* at 11. And of the 38 residential single family homes still standing, 26 are unoccupied. *Id*.

In August of 2013, Flint's Emergency Manager appointed a historic district study committee to review the boundaries of the Carriage District. In August of 2014, the committee submitted a preliminary report that recommended altering the district's border. The change would exclude the ten blighted blocks from the district, and thereby allow entities to redevelop the neighborhood. After receiving the report, the City mailed out notice

to all Carriage District property owners, notifying them of a town hall meeting to consider the proposal. Mot. Relief, Notice, ECF No. 5-4. A few months later, the committee issued a final report, and the City amended the Carriage District's boundaries to exclude the blighted area. *Id.*, Ordinance, ECF No. 5-2.

Plaintiff Adam Gerics owns a home in the Carriage District. He filed a case in state court, alleging that he and other "putative class members were denied any proper form of due process pursuant to 42 U.S.C. § 1983." Not. Removal, Complaint 6, ECF No. 1-2. His complaint states that the City violated their due process rights by not ensuring that they had notice of the public hearing. He also sought a temporary restraining order that would prevent further demolition of property in the historic district. The state court issued the temporary restraining order on August 17, 2015. The City of Flint removed the case to federal court shortly thereafter.

On September 3, 2015, the City filed a motion to dissolve the temporary restraining order. ECF No. 5. In support, it noted that Civil Rule 65(b)(2) states that temporary restraining orders are "not to exceed 14 days," "unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." Fed. R. Civ. P. 65(b)(2). Michigan's rules largely mirror the Federal rule. Mich. Ct. Rules 3.310(B)(3).

"If the restraining order does not state how long it will remain in effect, it automatically will expire after 14 days, unless extended for a similar period upon a showing of good cause or the restrained party consents to a continuation of the order." 11A Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2953 (3d ed. 2013). The Supreme Court has found that a temporary restraining order expires automatically after

2

fourteen days if the plaintiff does not move for an extension. *See Granny Goose Foods, Inc. v. Bhd. Teamsters,* 415 U.S. 423, 440 (1974).

In the present case, the state court entered a temporary restraining order on August 17, 2015. The City of Flint removed the case to federal court on August 24, at which point the Federal Rules became applicable. *See Granny Goose*, 415 U.S. at 437 ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."). Under the Federal Rules, the temporary restraining order automatically expired on August 31, 2015, unless Gerics filed a motion to extend. But Gerics has neither filed a motion to extend, nor filed a motion for a preliminary injunction. Accordingly, the temporary restraining order expired on August 31.

**WHEREFORE, IT IS HEREBY ORDERED** that the City's Motion To Vacate (document no. 5) is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: September 11, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2015, by electronic and/or ordinary mail.

s/M. Beauchemin  
Case Manager